UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAYNE,<br><br>        Plaintiff,<br><br>    v.<br><br>AUDREY KING,<br><br>        Defendant. | CASE No. 1:13-cv-01799-MJS<br><br>ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT<br><br>(ECF No. 10) |

Plaintiff James Payne, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 31, 2013. (ECF No. 1.) On December 13, 2013, Plaintiff filed a motion to supplement his complaint with various exhibits. (ECF No. 10.)

Local Rule 220 requires that each complaint or amended complaint be complete in itself and not reference a prior pleading. Accordingly, Plaintiff's motion will be denied.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The operative pleading in this case is Plaintiff's original complaint filed October 31, 2013. (ECF No. 1.) Plaintiff may not supplement or amend the operative complaint piecemeal through separate filings. Instead, he must state his allegations in a chronological narrative in a single filing.

In passing, the Court notes that the material Plaintiff wants to attach to the

1

1  Complaint consists of approximately 117 pages of exhibits related to expenses at
2  Coalinga State Hospital.  There is no need to file such documents at this stage of the
3  proceedings, and doing so likely would not be productive.   Plaintiff's allegations in the
4  Complaint, if plausible, are taken as true at the pleading stage, so there is no need to file
5  documents to prove the truth of those allegations. While exhibits are permissible if
6  incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal
7  system of notice pleading, Fed. R. Civ. P. 8(a), and should  not be submitted where (1)
8  they serve only to confuse the record and burden the Court, or (2) they are intended as
9  future evidence.  If this action reaches a point where submission of evidence is
10 appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the
11 opportunity to do so at that time.

       For the foregoing reasons, Plaintiff's motion (ECF No. 10) to amend the
Complaint is DENIED.

IT IS SO ORDERED.

   Dated:   August 7, 2014                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE