1
2
3
4
5
<u>6</u>
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES PAYNE,

              Plaintiff,

    v.

AUDREY KING, et al.,

              Defendants.

CASE NO. 1:13-cv-1799-MJS

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM

(ECF NO. 1)

THIRTY DAY DEADLINE

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 9.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 8.)

On October 31, 2013, Plaintiff filed his complaint.  (ECF No. 1.)  It is now before the Court for screening.

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  *Id.*

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California,

where the events giving rise to this action occurred.   Plaintiff names Audrey King, Executive Director of Coalinga, in her individual and official capacity as defendant.

Plaintiff alleges essentially the following:

Pursuant to the Sexually Violent Predator Act ("SVPA"), Plaintiff has been in the custody of Defendant King at CSH since June 2013.  Defendant King, through her policies and customs, has subjected Plaintiff to excessively restrictive confinement in relation to the purposes of the SVPA.

Defendant has violated Plaintiff's Fourteenth Amendment right to not be subject to punitive conditions by:  1) housing him with California Department of Corrections and Rehabilitation ("CDCR") prisoners, illegal aliens, and Mentally Disordered Offenders; and 2) subjecting him to restrictions that have no relationship to providing treatment or protecting the public and are more restrictive than other secure civil housing facilities, such as in Texas.  Plaintiff is subject to unlawful limitations on possessions, clothing, living conditions, privacy, dining options, and access to library materials, and to invasive searches and emergency drills.

Plaintiff seeks injunctive relief and damages.

## IV.   ANALYSIS

### A.   Official Capacity

Plaintiff sues Defendant King in her individual and official capacity.  Plaintiff may not bring suit for monetary damages against Defendant King in her official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

However, Plaintiff also seeks injunctive relief barring Defendant King from housing SVPA detainees under punitive conditions.  An official capacity claim for injunctive relief against a state official requires that a policy or practice of the governmental entity be the moving force behind the violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff does

not allege facts to support his conclusion that Defendant King's policies or customs caused the violation of his rights.  If Plaintiff chooses to amend, he must specifically identify the policy or custom and its contents, and to the best of his ability state when it was adopted, by whom, and how it led to the violation of his constitutional rights.

### B.    Supervisory Liability & Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978).  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff alleges that Defendant King knew of the excessively restrictive conditions because civil detainees have routinely notified her of them through written complaints and federal lawsuits.  However, Plaintiff does not tie the litany of allegedly unconstitutional restrictions to any particular complaint or lawsuit.  Plaintiff has not

alleged facts demonstrating that Defendant King knew of each of the alleged violations, what specific document, claim, or suit gave her notification, and how she failed to act to prevent the violations from continuing to occur.  Plaintiff will be granted leave to amend.

### C.   Conditions of Confinement

Plaintiff, a civil detainee pursuant to California Welfare and Institutions Code § 6600 *et seq.*, is not a prisoner within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).   He retains greater liberty protections than individuals detained under criminal process and is "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'"  *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (*quoting Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).   Treatment is presumptively punitive when a civil "detainee is confined in conditions identical to, similar to, or more restrictive" than his criminal counterparts. *Id.* at 933.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  *Youngberg*, 457 U.S. at 315. A determination whether Plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests"; the Constitution, however, is not concerned with *de minimis* restrictions on a patient's liberties.   *Id.* at 320-21. Additionally, there must be a reasonable relationship between "the conditions and duration of confinement" and the purpose for which the civilly confined person is committed. *Seling v. Young*, 531 U.S. 250, 265 (2001).

#### 1.   Property

Plaintiff complains of restrictions regarding what property he is able to possess and have access to, where he is able to store it, and how he is allowed to decorate his room.  The Fourteenth Amendment protects Plaintiff from the deprivation "of life, liberty, or property, without due process of law."   U.S. CONST. AMEND. XIV.   To allege a constitutional violation of his due process rights, Plaintiff must allege a property interest,

which is "more than an abstract need or desire for [the item] . . . He must, instead, have a legitimate claim of entitlement to it" under state or federal law.  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff has not alleged a constitutionally-recognized property or liberty interest in the continued possession of the numerous contraband items he lists in his complaint or in the ability to possess items to decorate his room.

To the extent Plaintiff might allege the deprivation of the property was not authorized by state law, the Supreme Court has precluded a procedural due process claim based upon an "unauthorized intentional deprivation of property by a state employee if a meaningful post-deprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  "California law provides an adequate post-deprivation remedy for any property deprivations."  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (*citing* Cal. Gov't Code §§ 810–895).

Plaintiff does not state a cognizable claim for relief for violation of the Due Process Clause of the Fourteenth Amendment for the deprivation of property.  If Plaintiff chooses to amend, he should allege a property interest in the continued possession of each item he complains of and facts showing an authorized deprivation of the property without notice and opportunity to contest the deprivation and disposition of the property.

2.   Privacy

The extent of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility is unclear, but, assuming Plaintiff retains some reasonable expectation of privacy in his living area at Coalinga, it would necessarily be of a diminished scope given Plaintiff's civil confinement.  *See Bell*, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or room at detention facility); *See also Pesci*, 2012 WL 4856746, at *6 (no expectation of privacy in dormitory); *but see*, *Hoch*, 2013 WL 1004847, at *2 (search of plaintiff's hospital room, where search was unreasonable states a Fourth Amendment claim).

Plaintiff complains of having to share a room with others, being subjected to emergency drills that disturb him in his room, and a lack of privacy in using the toilets and showers.  Plaintiff fails to allege that he has a reasonable expectation of privacy in his room or the shower area.  He also fails to allege how he is harmed by his conditions or how they have caused him "to endure genuine privation and hardship over an extended period of time."  *Bell v. Wolfish*, 441 U.S. 520, 542 (1979).

Plaintiff should note that mere double-bunking of residents at a treatment facility is not a *per se* violation of due process.  *Id.*, *citing Cote v. Maloney*, 152 Fed. Appx. 6, 7 (1st Cir. 2005).  Some crowding and loss of freedom of movement is one of the inherent discomforts of confinement.  *Id.*; *See also Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that *Bell* determined that "the additional discomfort of having to share the already close corners with another detainee was not sufficiently great to constitute punishment.").  Even if sharing his room with another individual were to constitute more than *de minimis* harm, Plaintiff fails to allege that the condition was intended to punish or was excessive in relation to a non-punitive purpose.  *Jones v. Blanas*, 393 F.3d 918, 934 (9th Cir. 2004).

### 3.   Clothing

Plaintiff complains of having to wear prison style uniforms that have been worn by others and not being able to possess more than three days' worth of clothing.  While "[t]he denial of adequate clothing can inflict pain under the Eighth Amendment," Plaintiff fails to allege how he has been harmed by this restriction or how the restriction is meant to punish.  *Walker v. Sumner*, 14 F.3d 1415, 1421 (9th Cir. 1994) (*citing Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

### 4.   Access to Outdoors

SVPA detainees are entitled to adequate opportunities for outdoor (or at least out-of-cell) exercise unless there is a legitimate governmental objective.  *See Pierce v. Cnty.*

*of Orange*, 526 F.3d 1190, 1211-1212 (9th Cir. 2008); *Rainwater v. McGinniss*, 2012 U.S. Dist. LEXIS 113963, at *50-52 (E.D. Cal. Aug. 10, 2012) (applying standard to SVPA detainee's).  Determination of what constitutes adequate exercise is a "context-sensitive" inquiry.  *See Pierce*, 526 F.3d at 1212 ("Determining what constitutes adequate exercise requires consideration of 'the physical characteristics of the cell and jail and the average length of stay of the inmates.'").  Jail officials have "considerable discretion to curtail access to exercise based on security concerns," but that discretion is not unlimited.  *Id*. at 1212-1213 (holding that jail officials had not shown that limiting pretrial detainees to 90 minutes of out-of-cell exercise weekly was reasonably related to satisfying security concerns).

　　Plaintiff has not stated a claim based on his lack of access to the outdoors or to a swimming pool.  Plaintiff alleges he is denied "unlimited" access to the Yard and to a swimming pool.  However, the constitution only requires that Plaintiff receive "adequate" outdoor or out-of-cell time.  If Plaintiff chooses to amend, he should allege what amount of time he was allowed out of his room and why that amount of time was inadequate.

　　　　　5.　　<u>Meals</u>

　　Plaintiff complains of his lack of meal choices and allowed time for eating.  "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."  *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *see also Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009).  Plaintiff is "'entitled to more considerate treatment and conditions of confinement than criminals.'"  *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004).  However, Plaintiff fails to allege how his choice of food and allotted time for eating is punitive in nature or is more restrictive than his criminal counterparts.

　　　　　6.　　<u>Access to Library Materials</u>

　　Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02

(9th Cir. 2011); *see also Irvin v. Baca*, 2011 U.S. Dist. LEXIS 21268, at *56 (C.D. Cal. Jan. 18, 2011) (applying right to SVPA detainee).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  *Id.* at 348-49.  An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim.  *Id.* at 351.

Plaintiff does not have a constitutional right to use of the library; he has a right to access to the courts.  If Plaintiff wishes to state a claim for his lack of access to the courts, he must allege what injury he has suffered by his inability to have 24-hour access to the library and computers and how it hindered his ability to pursue a legal claim.

7.   Search of Room

"The Fourth Amendment prohibits only unreasonable searches."  *Bell*, 441 U.S. at 558 (*citing Carroll* v. *United States*, 267 U.S. 132, 147 (1925)); *Byrd v. Maricopa Cnty. Sheriff's Dep't.*, 629 F.3d 1135, 1140 (9th Cir. 2011).  The reasonableness of a search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails."  *Bell*, 441 U.S. at 559.  For the Fourth Amendment to apply there must be a "reasonable expectation of privacy in the place that is invaded."  *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010); *Hudson v. Palmer*, 468 U.S. 517, 525 (1984).  Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141.

Some courts have concluded civil detainees do not have a reasonable expectation of privacy in their rooms.  *Pesci v. Budz*, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); *but see, Hoch v. Tarkenton*, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13,

2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room where search unsupported by consent, warrant, probable cause, or reasonable suspicion).

Here, Plaintiff complains that he was subject to a policy that allowed for a search of detainees' rooms on an hourly and weekly basis. However, Plaintiff fails to allege that he has a reasonable expectation of privacy in his room. It is also unclear from Plaintiff's complaint when, how, and why these searches were conducted and what justification Defendant King provided for them.

### D.   Injunctive Relief

Plaintiff seeks injunctive relief against Defendant King. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of equities tips in his favor since at this stage of the proceedings he has failed to state a cognizable claim. Plaintiff has failed to state a claim for injunctive relief but will be given leave to amend.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Here, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;

2.  The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed complaint filed October 31, 2013;

3.  If Plaintiff fails to file an amended complaint, in compliance with this order, the Court will dismiss this action, without prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   February 19, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28